FILED
JUN 1 2 2014
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK PALUMBO,<br><br>Plaintiff,<br><br>vs.<br><br>PORTFOLIO RECOVERY ASSOCIATES,<br><br>Defendant. | CASE NO. 13-CV-2990 BEN (JMA)<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF LEAVE TO FILE AMENDED COMPLAINT**<br><br>**(2) DENYING AS MOOT MOTION TO DISMISS ORIGINAL COMPLAINT**<br><br>[Docket No. 4] |

Presently before the Court is Defendant's Motion to Dismiss the Complaint. (Docket No. 4.) For the reasons stated below, the Court construes Plaintiff's Opposition to the Motion to Dismiss as a motion to amend the complaint, **GRANTS** Plaintiff leave to file the amended complaint, and **DENIES AS MOOT** Defendant's Motion to Dismiss.

## BACKGROUND

Pro se Plaintiff Frederick Palumbo brings this action against Defendant Portfolio Recovery Associates for alleged violations of the Federal Debt Collection Practices Act and the California Fair Debt Collection Practices Act. Plaintiff alleges that Defendant has called Plaintiff two or three times per week for the last three years, despite Plaintiff's demands that the calls cease, in an effort to collect a debt that is allegedly

1  barred by the applicable statute of limitations. According to Plaintiff, these calls
2  constitute "harassment tactics."

3  Plaintiff originally filed suit in the Superior Court of California, County of San
4  Diego, on June 6, 2013. Defendant was served on November 16, 2013. This action
5  was removed on December 12, 2013.

6  Presently before the Court is Defendant's Motion to Dismiss the complaint.
7  (Docket No. 4.) Plaintiff filed an Opposition to the Motion to Dismiss, which includes
8  an exhibit containing a proposed amended complaint. (Docket No. 9.) The Court will
9  construe the Opposition as a motion for leave to file a first amended complaint.

## DISCUSSION

Leave to amend a complaint shall be freely given "when justice so requires." FED. R. CIV. P. 15(a). There is a strong policy permitting amendment, which "is to be applied with extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). In the absence of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment," leave to amend should be "freely given." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Whether to grant leave to amend is within the discretion of the trial court, and it may be denied where justice so requires. FED. R. CIV. P. 15(a)(2); *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996).

Consistent with the permissive standard of Rule 15(a), courts generally "defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Hynix Semiconductor Inc. v. Toshiba Corp.*, No. C-04-4708, 2006 WL 3093812, at *2 (N.D. Cal., Oct. 31, 2006).

Here, Plaintiff has not exhibited undue delay, bad faith, or dilatory motive. In addition, Plaintiff has not previously moved to amend the complaint. Finally, the Court finds that granting leave to amend would not unduly prejudice Defendant and that

amendment would not be futile. Accordingly, Plaintiff is **GRANTED** leave to file the proposed amended complaint.

## CONCLUSION

For the foregoing reasons, the Court construes Plaintiff's Opposition to the Motion to Dismiss as a motion to amend the complaint, **GRANTS** Plaintiff leave to file the amended complaint, and **DENIES AS MOOT** Defendant's Motion to Dismiss. The proposed amended complaint, attached to Plaintiff's Opposition as Exhibit D, is deemed **FILED**.

**IT IS SO ORDERED**.

DATED: June /2, 2014

HON. ROGER T. BENITEZ
United States District Judge