Frederick Palumbo
700 Front Street #1508
San Diego, Ca. 92101
(619)306-9788

PLAINTIFF

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Frederick Palumbo ; <br><br> Plaintiff <br><br> vs. <br><br> Portfolio Recovery Associates, LLC <br><br> Defendant | Case No:37-2013-00309734-SC-SC-CTL <br><br> Honorable <br><br> **COMPLAINT FOR DAMAGES, INJUNCTIVE & DELARATORY RELIEF AND AN ACCOUNTING FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)(CFDCPA)** <br><br> TRIAL DATE: None Set |

Plaintiff PALUMBO hereby Complains to Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC,(PORTFOLIO) and hereby alleges as follows

## GENERAL ALLEGATIONS
## COMMON CAUSES TO ALL CAUSES OF ACTION

1. Plaintiff Palumbo was at all times an individual, who maintains a principle place of residence within the County and Judicial District of this Court.

2. Defendant (PORTFOLIO) is at all times stated herein, was a limited liability company, organized under the laws of the State of Delaware and unqualified to do business in the state of California.

3. Plaintiff is a consumer within the meaning of the Consumer Legal Remedies Act.

4. Plaintiff is informed and believes and therefore alleges that Defendant regularly uses the United States mail in the regular collection of debts owed to another and attempts to collect debts and is a debt collector as defined by the Federal Debt Collection Practices (FDCPA) and the California Fair Debt Collection Practices Act (CFDCPA).

## **JURISDICTION**

Venue for the within action is properly within the jurisdiction of this Court upon the ground, *inter alia*, that the Defendant does business within this Judicial District of the County of County of San Diego and State of California,

## **FACTS**

5. Plaintiff seeks damages from defendant for its unlawful practices and for an accounting to resolve the rights and responsibilities under the facts as stated herein

6. Plaintiff is informed and believes and therefore alleges that:

A. Plaintiff does not have a contract with Defendant

B. That collection of any alleged debt after having been written off or charged off would be a case of unjust enrichment, and/or fraud on the consumer and/or fraud on the court.

C. That the alleged credit card issued to Plaintiff remains the

property of the original card issuer.

D. that ANY/ALL documents filed by Defendant, that are ultimately filed on the records in this instant and authenticated by SIMMONDS & NARITA LLP, attorneys for defendant

are inadmissible, that these records cannot pass the *hearsay* exception test, therefore, are not business records.

E. That Defendant is not the real party in interest in this proceeding and has no remaining equity in the original Application or Agreement due to insurance settlements or charge-offs.

F. That it is the practice of ORIGINAL CREDITOR to charge-off and sell indebtedness (after collecting insurance), thus the worthless commercial paper evidence of illustrating the

duty between the assignor and assignee becomes legally uncollectible.

G. That Defendant arbitrarily selected Plaintiff to

be responsible for this alleged debt despite not having a legal right to do so.

H. That Defendant has violated Plaintiff's Fair Debt Credit Protection Act (FDCPA) (CFDCPA with respect to this alleged debt.

I. That the original creditor does not have a contract with Plaintiff.

7. That Plaintiff has always objected to any amount due and is

unaware of any demands that the alleged debt was to be paid in full. That Plaintiff specifically denies any allegations referencing the existence of a contract and/ or debt owed to Defendant, and
Plaintiff denies that the amount

claimed by Defendant is fixed and agreed to by Plaintiff

and demands strict proof and an accounting.

8. Plaintiff is informed and believes and therefore alleges that the purported contract or agreement falls within a class of contracts or agreements required to be in writing. The purported contract or agreement alleged by Defendant was not in writing and signed by Plaintiff or by some other person authorized by Plaintiff and who was to answer for the debt, default, or miscarriage of another person.

9. The Plaintiff is informed and believes and therefore alleges that there is no evidence Of any purported assignment was bona fide. There is no evidence of valuable consideration and no evidence that the purported assignor is even aware of this action or has conveyed all rights and control to Defendant.

10. That the first time Plaintiff ever heard of these false claims by defendant was when he was served notice by telephone.

11. That on 9/28/2010, 2/1/2012 and 5/30/2013 Plaintiff sent, by first class US Mail Cease and Desist letters to Defendant located at Riverside Commerce Center, 140 Corporate Blvd., Norfolk, Va 23502. (Attached hereto and made a part hereof as Exhibits A, B, and C the Cease and Desist letters)

12. To the best of Plaintiff's knowledge and belief, Defendant has used the mails of the United States to attempt to collect from an alleged debt purportedly previously owed to an "original creditor," other than Defendant, which has purportedly

CROSS COMPLAINT OF ALLEGED DEFENDANT-CROSS-COMPLAINANT

been "charged off."

13. Defendant has violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692e, and the California Fair Debt Collection Practices Act because it made and/or employed false, deceptive and misleading representations and/or means in connection with the instant cause of action. Said false, deceptive and misleading representations were and have been made and are being made to Plaintiff and others as more specifically set out hereafter. Some or all said false, deceptive and misleading representations were knowingly and intentionally made by Defendant,

14. Defendant has violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692d and the CFDCP Act because it has engaged in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff in connection with the instant Cause, and as a result of telephonic communications subsequent to having received notice of Plaintiff's Cease and Desist letters, and in other actions as more specifically set out hereafter. Defendant knowingly and intentionally engaged in harassing, oppressive, and/or abusive conduct toward the Plaintiff. Defendant knew or should have known that the natural consequences of said conduct would be to harass, oppress, or abuse the Plaintiff in violation of the FDCP Act 15 USC 1692 (c) and the CFDCPA by failing and refusing to cease and desist contact with Plaintiff.

.15. Defendant has represented to Plaintiff that it has the legal right to collect the sums sought in an amount according to proof at trial and court costs. Defendant does not in fact have the legal right to collect the sums claimed from Plaintiff, or any other amount, and knew or should have known same when it contacted Plaintiff subsequent to receiving Plaintiff's Cease and Desist letters.

16. Upon information and belief, Defendant does not have the legal right to collect this sum because no sum is owed by Plaintiff, and/or any party

under whom Defendant is claiming to hold an assignment, and further, no valid assignment to Defendant exists. Although Defendant's legally

does not expressly allege same, on knowledge and belief Plaintiff believes Defendant is claiming to hold the alleged debt sued on by assignment from another entity. By

falsely representing that there exists a proper and legally valid assignment between Defendant and the original creditor of the account, if Defendant is so

representing, and that Defendant has a right of recovery against Plaintiff thereon, and by threatening a lawsuit against Plaintiff allegedly thereon, Defendant has

violated the FDCPA and the CFDCPA, and is liable to Plaintiff for statutory and actual damages thereon,

attorneys' fees, and costs. Said violations include, but are not limited to violations of 15

U.S.C. §1692e, et seq. and 15 U.S.C. §1692d, et seq.

17. Defendant has made knowing and intentional misrepresentations or misleading and/or false representations as to the legal status, character, and/or amount of the debt in violation of 15 U.S.C. §1692e(2), and in violation of U.S.C.15 §1692e(10).

18. To the best of Plaintiffs's knowledge and belief, at the time of filing the instant lawsuit, Defendant did not have in its possession, and is unable to acquire or produce, the entire "Purchase Agreement" (or other similar name) pursuant to which it claims to have purchased the said purported "account" of Plaintiff on which it bases it claims for relief upon. Defendant will only produce, and will only be able to produce, a "Bill of Sale," "Bill of Sale and Assignment," or other document having a similar name, which will make no specific reference to Plaintiff or any "account" allegedly owed by Plaintiff, and will on its face be an incomplete document, explicitly and specifically making reference to

CROSS COMPLAINT OF ALLEGED DEFENDANT-CROSS-COMPLAINANT

another "master agreement", consisting of the above "Purchase Agreement" or other document having a similar name, to which the said "Bill of Sale" is made subject to, and the terms of which control and govern the said "Bill of Sale." The production of an authenticated "master agreement" or "Purchase Agreement" as described above is necessary, inter alia, for

Defendant to be able to make a claim against Plaintiff herein. At the time of filing the instant lawsuit Defendant was aware, or should be aware, of the above.

Thus, for this reason also, Defendant has knowingly and intentionally made these claims against Plaintiff under circumstances in which it knows or should have known that it would be

Unable to prevail in its claim against Plaintiff herein. The above constitutes violations by

Defendant of 15 U.S.C. §1692d, 15 U.S.C. §1692e, and 15 U.S.C.15 §1692f.

19. By making these claims and threatening litigation, Defendant made the false, knowing and intentional representation to Plaintiff and all other persons having or acquiring knowledge

of claims of Defendant against Plaintiff, and said claims, including credit reporting bureaus, and persons or entities Plaintiff might seek to obtain credit from, present or future potential employers of Plaintiff, and other persons and entities that it has the legal right to make these claims against Plaintiff, in this Court. By making such claims against Plaintiff, Defendant

has made false, knowing and intentionally deceptive and/or misleading representations to the general public, creditors of Plaintiff, persons or entities might seek to obtain credit from, present or future potential employers of Plaintiff, and others with respect to said account, all of which constitute violations of the Federal Fair Debt Collections Practices Act and the California Fair Debt Collection Practices Act.

20. Some or all of Plaintiff's claims are based on the following facts:

26
27
28

CROSS COMPLAINT OF ALLEGED DEFENDANT-CROSS-COMPLAINANT

(2) the correct amount (if any) which it is claimed is owed by Plaintiff.

(e) After acquiring the block of accounts, either Defendant or some predecessor party processed the block of accounts through a computer software algorithm "scrubbing" program, designed to select specific "accounts" to file suit on, or otherwise attempt to collect.

(f) Said scrubbing program was optimized to rank said accounts according to two primary criteria, in the following order of importance:

(1) Those "account debtors" LEAST LIKELY to obtain legal representation to defend a lawsuit, or otherwise resist collection efforts, without reference to the validity or accuracy of said debt. As example, said software programs normally rank individuals of the female gender; persons believed to have low income levels; and/or lower than normal education levels as being less likely to obtain legal representation or otherwise resist collection,

(2) Those "account debtors" from whom collection might be more easily made, i.e., having employment from which wages could be garnisheed, or those having bank accounts, or owning vehicles or other property which could be seized, without reference to the validity or accuracy of said debt.

(g) The above described computer software "scrubbing program" contains no software criteria, software routines, or subprograms to determine the validity of said "debt", and no software criteria, software routines, or subprograms to determine the accuracy or validity of the amounts claimed to be owed.

(h) Said software program and "scrubbing" procedure was used to determine which account debtors would be sued.

22. The Plaintiff is informed and believes and therefore alleges that the false claims

of debt owed by Plaintiff to Defendant and Defendants failure to demand said sums or to validate said debt prior to threatening their lawsuit places the Defendant in violation of the following:

## FIRST CAUSE OF ACTION
## ACCOUNTING

1. Plaintiff repeats and realleges and incorporates by reference the allegations of paragraphs 1-22.

2. Defendant has purportedly held themselves out to be Plaintiffs assigned creditor. As a result of this purported relationship with Plaintiff, said Defendant has a duty to Plaintiff to properly account for monies owed or payments made by Plaintiff.

3. The amount of money paid or claimed still owed to Defendant is unknown to Plaintiff and cannot be determined without an accounting.

4. Defendant should be ordered to provide written accounting of all sums allegedly due under the terms of the alleged original written contract (if any), an explanation of each amount doe, and an accounting of all sums allegedly paid from Defendant to the ORIGINAL CREDITOR for the alleged assignment of the alleged debt.

## SECOND CAUSE OF ACTION

## FEDERAL FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15USC 1692

5. Plaintiff repeats and realleges and incorporates by reference the allegations of paragraphs 1-26

(a) The alleged "debt" or "account" on which Defendant is basing its claim of right to threaten litigation was acquired by Defendant, or some predecessor party, at auction, or by some other method of acquisition, from a bank or other financial institution, in blocks of said "accounts" as large as 5,000, 10,000, 15,000, 20,000, and/or 25,000 or more in a single transaction.

(b) In said auction, Defendant, or some predecessor party, bid on the block of "accounts" in which the "account" allegedly owed by Plaintiff was included, or acquired said account along with a large quantity of other accounts by some other means.

- (c) At the said auction, or by some other method of acquisition, when either Defendant
- or some predecessor party acquired the block or group of "accounts"

which included the "account" allegedly owed by Plaintiff, no actual hard copies, or indeed any records in any form whatsoever of any of the following were acquired, or transferred from the bank or other financial institution to Defendant or the predecessor party with respect to the following:

(1) any credit card or other agreement, or contract with respect to the specific alleged "account" of Plaintiff's individually;

(2) monthly statements of account, records of charges, payments, interest, fees, or similar records or documents necessary to verify and prove that the said "account" is in fact owed by Plaintiff, and;

(3) the correct total amount actually owed, if any, by Plaintiff; and

(4) any accounting or financial records, including the above records, necessary to prove the breakdown of the purported "total" amount alleged to be owed, with respect to its

components, such as principal, interest, late fees, over limit fees, etc.

21. Some or all of Plaintiff's allegations are further based on the following facts:

(a) At the said auction, or by some other method of acquisition, the information transferred between buyers and sellers of accounts (purportedly including the instant account allegedly owed by Plaintiff and referred to herein) consisted solely of a "line entry" in digital or electronic format containing, at most, only a name, address, social security number, account number, telephone number, and a "total" dollar amount, without breakdown, and possibly some other very minimal information such as the alleged "charge-off" date.

(b) Said "total" dollar amount was not broken down into principal, interest, fees, late charges, or in any other manner. To the best of Plaintiff's knowledge and belief this was the method by which the data regarding Plaintiff's alleged debt was transferred from a third party to Defendant or some predecessor party to Defendant.

(c) At the time of asserting its claims against Plaintiff, Defendant did not have in its possession records or documents sufficient to prove the necessary elements of its purported claim against Plaintiff, and will not acquire said records or documents, if ever, until after the filing and service of Defendant's instant Answer to the complaint herein. At the time of asserting

its claims against Plaintiff, Defendant was aware or should be aware that it did not have in its possession records or documents sufficient to prove the necessary elements of its purported claim against Plaintiff, and further that it will not be able to acquire same.

(d) Further, Defendant has made no effort to verify or substantiate either:

(1) the documentation necessary to prove that Plaintiff in fact currently owes a debt of some amount which it is supposedly acquiring; and

6. Defendant conduct was negligent or willful or both, rendering it liable for attempting to collect fees, interest, and expenses from Plaintiff that are not authorized by any agreement or permitted by law, in violation of 1692 f (1).

7. Defendant conduct was negligent or willful or both, rendering it liable for failing to cease and desist notwithstanding Plaintiffs demand for same and collection of an alleged debt and not providing proper verification of the debt to the Plaintiff prior to causing Plaintiff to initiate a lawsuit, in violation of 1692 g (b).

8. As a result of the foregoing violations, Defendant is liable for actual damages, including general damages and special damages in an amount to be proven at trial, but not less than $2,000 per Plaintiff, pursuant to 15 USC 1692(k) a 1.

9. As a result of the foregoing violations, Defendant is liable for actual damages, including general damages and special damages in an amount to be proven at trial, but not less than $1,000 per Plaintiff, pursuant to 15 USC 1692(k) a 2 a.

10. As a result of the foregoing violations, Defendant is liable for costs and reasonable attorney's fees pursuant to 15 USC 1692(k) a 3.

11. As a result of the foregoing violations, Defendant should be enjoined from employing any of the unlawful conduct, methods, acts, or practices under the FDCPA alleged herein or proven at trial.

12. An actual controversy has arisen and now exists between Plaintiff and defendant concerning their respective rights and duties under the FDCPA. A judicial declaration pursuant to Code of Civ. Procedure 1060 that defendants actions violated the FDCPA is necessary so that all parties may ascertain their rights and duties under the law.

13. Based on the allegations above and further set forth herein, Defendant has

CROSS COMPLAINT OF ALLEGED DEFENDANT-CROSS-COMPLAINANT

violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff by, without limitation; Continuing to pursue collection of disputed, unverified and invalid debt; forcing Plaintiff to initiate litigation to defend against an invalid action, and further, and in addition thereto, knew or should have known that it has engaged in such conduct, and the said consequences thereof.

14. Upon information and belief, Defendant has communicated credit information to persons, including but not limited to credit reporting bureaus or agencies, with respect to Plaintiff, which it knew or should have known to be false – including without limitation allegations that Plaintiff owed the purported debt which is the subject of this action, and/or that Plaintiff owes said debt to Defendant and/or that Defendant is the original creditor of said alleged debt.

15. Upon information and belief, Defendant has, in violation of 15 U.S.C. §1692e(8) failed to communicate to Plaintiff, other persons and entities, including credit bureaus, and persons yet to be determined, that Plaintiff disputes the alleged debt.

16. By falsely representing that Defendant is either an assignee of an original creditor, and/or that said assignment constitutes a proper, competent, or valid assignment between Defendant and the original creditor of any alleged debt by any alleged original creditor to Defendant, and/or that Defendant is the original creditor, Defendant has made material, false and misleading representations, and has further communicated to Plaintiff and other persons credit information which is known or which should be known to be false, including the above, the failure to communicate that a disputed debt is disputed, the "re-aging" of said debt, the false

1. That Defendant takes nothing by way of their claims against Plaintiff;

2. That Plaintiff recover costs, and reasonable attorney fees, if incurred;

3. That Defendant be required to specifically prove all allegations in this action;

4. That Defendant be required to produce an Accounting of all sums allegedly due under the alleged breach of contract and account stated claims; and an accounting of all consideration allegedly paid from Defendant to the ORIGINAL CREDITOR according to proof at trial.

5. For general damages and special damages in an amount to be proven at trial, but not less than $2,000 per Plaintiff, pursuant to 15 USC 1692(k) a 1.

6. For actual damages, including general damages and special damages in an amount to be proven at trial, but not less than $1,000 per Plaintiff, pursuant to 15 USC 1692(k) a 2 a.

7. For costs and reasonable attorney's fees pursuant to 15 USC 1692(k) a 3.

8. For a judicial declaration pursuant to Code of Civ. Procedure 1060 that defendants actions violated the FDCPA.

9. And for such other and further relief as the Court may deem just, equitable and proper.

10. Jury Trial Demand

Dated: January 6, 2014

_____
PLAINTIFF

---

CROSS COMPLAINT OF ALLEGED DEFENDANT-CROSS-COMPLAINANT

1

2

## PROOF OF SERVICE BY MAIL

3

4   I, the undersigned, hereby declare: I am over the age of 18 and not a party to the within action; my

5   mailing address is: Reiss Hotel, 1432 1st Avenue Suite202, San Diego, California 92101

On January 9, 2014, I served the foregoing document described as: *Plauntiffs opposition to Defendants Motion to Dismiss A Civil Cover Sheet*

on interested parties in this action by placing the true copies thereof enclosed in sealed envelopes addressed as follows:

PORTFOLIO RECOVERY ASSOCIATES, LLC located at RIVERSIDE COMMERCE CENTER, 140 CORPORATE BLVD., NORFOLK, VIRGINIA 23502
TOMIO B. NARITA OF SIMMONDS & NARITA LLP located at 44 MONTGOMERY STREET, SUITE3010 SAN FRANSCICO, CA.94104-4816

**VIA:**

13  [ x ] **MAIL** I am "readily familiar" with the practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same
14  day with postage thereon fully prepaid at place of business, in the ordinary course of
15  business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing
16  in affidavit.

17  [X]   I declare under penalty of perjury under the laws of the State of California that the above is
18        true and correct.

19  _____

20  GREGORY WIMER  January 9, 2014

21

22

23

24

25

26

27

28

CROSS COMPLAINT OF ALLEGED DEFENDANT-CROSS-COMPLAINANT